

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/25/2007

| | | |
|---|---|---|
| IN RE: § | | |
| CONTRACTOR TECHNOLOGY, LTD § | CASE NO: 05-37623 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| RONALD J SOMMERS CH 7 TRUSTEE § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 07-3057 | |
| § | | |
| AGGREGATE TECHNOLOGIES, INC. § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

For the reasons set forth below, the Court denies the third-party plaintiff's motion for partial summary judgment. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157.

*Background*

On May 13, 2005, Contractor Technology, Ltd. ("Debtor") filed a petition for chapter 11 bankruptcy relief. The case was converted to a case under chapter 7 on June 23, 2005. Debtor was the prime contractor on various public works projects in Texas. Aggregate Technologies ("Aggregate") was hired by Debtor to furnish material and labor needed for completion of the projects. As required under Chapter 2253 of the Texas Government Code (the "McGregor Act"), Debtor posted payment bonds with St. Paul Fire and Marine Insurance Company ("St. Paul") to provide security for payment to suppliers and subcontractors. *See* TEX. GOV'T CODE ANN § 2253.021 (Vernon Supp. 2004).

At the time of the commencement of the bankruptcy case, a state court lawsuit was pending in the 295th District Court, Harris County. In the state court suit, Aggregate was

1

seeking recovery from Debtor, St. Paul, and American Motorists Insurance Company for claims arising from Debtor's alleged failure to pay Aggregate for services provided.  St. Paul removed the state suit to this bankruptcy court after Debtor filed for bankruptcy.  Subsequently, St. Paul and Aggregate reached a settlement.

The Order Granting Application for Approval of Settlement and Compromise contains the following paragraph:

> St. Paul and ATI further understand and agree that ATI's Release of St. Paul contained in Paragraph 7 herein above is conditional with respect to payments made by CTL to ATI in December, 2004 in the amount of ten thousand six hundred thirty-two and 98/100 dollars ($10,632.98) and February, 2005 in the amount of thirty one thousand four hundred eight nine and 08/100 dollars ($31,489.08) on the Projects included in the ATI Adversary.  If ATI is compelled to disgorge any of the payments made by CTL in an action commenced by the bankruptcy trustee pursuant to section 547 of the Bankruptcy Code, ATI reserves its right to seek recovery against St. Paul on the Subject Bonds, and for purposes of the statute of limitations, will have the benefit of the original date of filing of the Lawsuit.  It is agreed and understood that nothing here shall be construed as an admission of liability by St. Paul with respect to those claims, and St. Paul expressly reserves all rights and defenses.

docket. no. 21, case no. 05-3501 ¶ 8.  On February 17, 2007, the Trustee filed suit against Aggregate and demanded return of $31,886.32 paid to Aggregate by a check dated February 9, 2005, as an avoidable preferential payment pursuant to 11 U.S.C. § 547.  Aggregate answered and filed a third-party complaint against St. Paul asserting a right to payment from St. Paul based on the above referenced paragraph should Aggregate be required to return funds to the Trustee.  Aggregate now files its motion for partial summary judgment against St. Paul seeking a judicial determination of St. Paul's liability.  Trial in the § 547 action is set for November 5, 2007.

*Summary Judgment Standard*

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact.  *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429

2

F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a credibility determination which is not part of the summary judgment analysis. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006). A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the movant bears the burden of proof, a successful motion must present evidence that would entitle the movant to judgment at trial. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Warfield*, 436 F.3d at 557. The non-moving party has a duty to respond with specific evidence demonstrating a triable issue of fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). When identifying specific evidence in the record, the non-movant must articulate how that evidence supports its position. *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

*Analysis*

The jurisdiction of federal courts is limited by Article III of the United States

Constitution to "cases" and "controversies."  U.S. CONST. art. III, § 2.  One of the necessary requirements in bringing a claim under the scope of "cases" and "controversies" is that the claim must be ripe.  *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).  For an issue to be ripe, "a plaintiff must show that he 'will sustain immediate injury' and 'that such injury would be redressed by the relief requested.'"  *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citing *Duke Power Co. v. Carolina Envtl. Study Group, Inc.,* 438 U.S. 59, 81 (1978)).  The Supreme Court states that the rationale behind the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements, when those disagreements are premised on contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 72 (1993) (quoting *Thomas v. Union Carbide Agric. Prod.*, 473 U.S. 568, 580-81 (1985)) (internal quotations omitted.)

While not styled as such, Aggregate has requested a declaratory judgment.  Like all other actions, a request for a declaratory judgment must redress an immediate harm, not a harm which is merely contingent on future events.  *See Certain Underwriters at Lloyd's, London v. A&D Interests, Inc.*, 197 F. Supp.2d 741, 749 (S.D. Tex. 2002) (citing *Texas v. West Publ'd Co.*, 882 F.2d 171, 175 (5th Cir. 1986) ("a declaratory judgment suit is ripe for adjudication only where an 'actual controversy' exists.")).  Courts have noted, however, that because declaratory actions contemplate an "ex ante determination of rights" there is "some tension with traditional notions of ripeness."  *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000).  "Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis."  *Certain Underwriters*, 197 F. Supp. at 749 (citing *Orix*, 212 F.3d at 896).

4

The Court finds that the relief Aggregate requests is not yet ripe for adjudication. Unlike a declaratory judgment which satisfies an immediate purpose, the relief requested by Aggregate is contingent on future events. St. Paul has not been presented with a claim for payment that is ripe. It has no duty to pay unless it is presented with a ripe claim for payment. Assuming the Court determined that St. Paul was liable to Aggregate, St. Paul's obligation would be triggered (if at all) only if the Trustee prevailed on its § 547 action or offered a settlement which was accepted by Aggregate. St. Paul's liability is contingent on future events. There is no immediate injury that can be redressed by the relief requested.

Accordingly, because this matter is not yet ripe for consideration, the Court denies Aggregate's motion for partial summary judgment. Based on this holding, the Defendant's motion to strike summary judgment evidence is moot. A separate order will issue.

Signed at Houston, Texas, on September 21, 2007.

MARVIN ISGUR
United States Bankruptcy Judge